UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

Case No. 15-30088

Magistrate Judge David R. Grand

v.

VIOREL PRICOP,

       Defendant.
_____/

## ORDER OF DETENTION PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that Defendant be detained pending trial.

**Part I – Findings of Fact**

**A.**     **Eligibility. This case is eligible for a Detention Hearing (18 U.S.C. § 3142(f)), for the reasons checked below in this Part I A:**

☐(1)   Under 18 U.S.C. § 3142(f)(1), upon the government's motion in a case that involves

    ☐(a)   a crime of violence, a violation of section 1591, or an offense listed in 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

    ☐(b)   an offense for which the maximum sentence is life imprisonment or death; **or**

    ☐(c)   an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46; **or**

    ☐(d) any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

    ☐(e) any felony that is not otherwise a crime of violence but involves:

        ☐(i) a minor victim, **or**

        ☐(ii) the possession or use of a firearm or destructive device (as defined in section 921), **or**

        ☐(iii) any other dangerous weapon, **or**

        ☐(iv) involves a failure to register under 18 U.S.C. § 2250.

☒(2) Under 18 U.S.C. 3142(f)(2), upon the government's motion or the court's own motion in a case that involves:

    ☒(a) a serious risk that such person will flee; **or**

    ☐(b) a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.

**B.**     **Rebuttable Presumption. A rebuttable presumption for detention exists in this case if reasons are checked below in this Part I B.**

**(1)**     **Defendant on Release Pending Trial (18 U.S.C. § 3142 (e)(2)):** A rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community arises when:

    ☐(a) Defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1), and has previously been convicted of a crime listed in 18 U.S.C. § 3142(f)(1), or comparable state or local offense; **and**

    ☐(b) The offense was committed while Defendant was on release pending trial for a federal, state, or local offense; **and**

    ☐(c) A period of less than five years has elapsed since:

☐(i) the date of conviction, **or**

☐(ii) Defendant's release from prison.

**(2)** **Probable Cause Findings (18 U.S.C. § 3142(e)(3)):** A rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community arises when there is probable cause to believe that Defendant has committed an offense:

☐(a) for which a maximum prison term of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46; **or**

☐(b) under 18 U.S.C. § 924(c) (use of a deadly or dangerous weapon or device in relation to a crime of violence or drug trafficking crime), 18 U.S.C. § 956(a) (conspiracy to kill, kidnap, maim, or injure persons or damage property in a foreign country), or 18 U.S.C. § 2332b (acts of terrorism transcending national boundaries); **or**

☐(c) listed in 18 U.S.C. § 2332b(g)(5)(B) (federal crimes of terrorism) for which the prison term is 10 or more years; **or**

☐(d) under Chapter 77 of Title 18, United States Code, for which a maximum term of imprisonment of 20 years or more is prescribed (i.e., 18 U.S.C. §§ 1581, 1583, 1584, 1589, and 1594)(slavery); **or**

☐(e) involving a minor victim as listed in 18 U.S.C. § 3142(e)(3)(E).

**Part II – Statement of the Reasons for Detention**

I find that the testimony and information submitted at the detention hearing establishes:

☐ by clear and convincing evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the safety of the community; **or**

☒ by a preponderance of the evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure Defendant's appearance; **or**

3

☐ both of the above.

**Statement of reasons for detention pursuant to 42 U.S.C. § 3142(i):**

See attached.

**Part III – Directions Regarding Detention**

Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of a United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver Defendant to the United States Marshal for a court appearance.

Review of this Order is governed by 18 U.S.C. § 3145 and E.D. Mich. L.R. 57.2.

Date: April 27, 2016                    /s  David R. Grand
                                        David R. Grand
                                        United States Magistrate Judge

The defendant, Viorel Pricop, is charged in a criminal complaint with the interstate transportation of stolen property in violation of 8 U.S.C. § 1326(a)(1). The government moved to detain Pricop as a flight risk, and the Court held a detention hearing on April 26, 2016.

**Relevant Facts**

On February 15, 2015, a Michigan State Trooper responded to an address in Oakland County to locate a load of Bose stereos that had been stolen in New Mexico. Unbeknownst to the thieves, a GPS tracking device had been installed inside the load, which enabled the authorities to locate it. The responding officer encountered Pricop standing in front of a storage unit containing the stolen stereos. Pricop admitted to transporting stolen products (e.g., stereos, televisions, video equipment, etc.) for another individual, and stated he was paid approximately $1,000 - $2,000 for each pallet of stolen property he transported. The total value of the property recovered was approximately $600,000.

On February 18, 2015, authorities conducted a search of Pricop's residence. Two handguns were recovered, along with stolen merchandise. Pricop agreed to cooperate with authorities at that time, and an additional search of his property was scheduled for the next day. Pricop did not keep his word, however. Instead, on February 18, 2015, he, along with his wife and children, borrowed a neighbor's car, and fled to Canada via the Ambassador Bridge. A few days later, Pricop's wife and children returned to Michigan, but he remained in Canada at that time. The instant charges were then filed against Pricop. Pricop then traveled to Romania, where he resided for over a year. Very recently, without notifying the authorities, Pricop returned to the United States from Romania; he was scheduled to fly to Philadelphia, and then connect to Detroit. However, upon his arrival in Philadelphia he was apprehended by the Marshals, and then brought to the Eastern District of Michigan to answer the instant charges.

**Applicable Standards and Analysis**

In general, "[t]he default position of the law . . . is that a defendant should be released pending trial." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). Pursuant to "the Bail Reform Act, 18 U.S.C. § 3142 . . . a defendant may be detained pending trial only if a judicial officer 'finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]'" *Id.* (quoting 18 U.S.C. § 3142(e)). The only issue here is flight risk, which the government must prove by a preponderance of the evidence. *U.S. v. Hinton*, 113 Fed. Appx. 76, 77 (6th Cir. 2004) (citing *U.S. v. Cisneros*, 328 F.3d 610, 616 (10th Cir.2003)); *U.S. v. Ellison*, 2007 WL 106572, at *2 (E.D. Mich., Jan. 8, 2007).

The Court first considers the nature and circumstances of the charges against Pricop, including whether they involve certain enumerated offenses, such as ones involving narcotics, firearms, and minor victims. 18 U.S.C. § 3142(g)(1). This factor favors release as Pricop is charged with interstate transportation of stolen goods.

The second factor the court must consider is the weight of the evidence. 18 U.S.C. §3142(g)(2). "This factor goes to the weight of the evidence of [Pricop's risk of flight], not the weight of the evidence of [his] guilt." *Stone*, 608 F.3d at 948. This factor strongly favors detention. The most salient evidence before the Court on this issue is the fact that Pricop, after telling authorities he wished to cooperate, fled the United States later that very same day, and remained a fugitive for more than a year, living in both Canada and Romania. While the Court considers that Pricop voluntarily returned to the United States recently, he did not advise the authorities of his return in advance, and it is not clear what his intentions were upon his return here. To that end, the Court notes that Pricop's wife and their children presently live in Romania (though he claims they plan to move back to the United States in the next few months, and that he has a son from a prior marriage who lives in Las Vegas). Another consideration is that the government proffered evidence that when authorities conducted the search of Pricop's residence last year, a K-9 police dog alerted to the presence of cash that had been hidden in large PVC piping in one of the property's outbuildings. Between that, and the fact that hundreds of thousands of dollars' worth of stolen goods was recovered from the property, there is at least some evidence that Pricop has sufficient liquid assets to flee the area. While Pricop's assertion that no criminal complaint had been filed when he left the United States may be true, it gets him nowhere on the issue of his risk of flight – as this fact is simply a reflection of him having beaten the government to the punch; Pricop clearly knew, at the time he fled, that he was under investigation, and (given the massive value of stolen goods recovered from his property and his admitted participation in the scheme) he must have known he would face criminal prosecution. It was thus Pricop's decision to *immediately* flee which made it impossible for the government to file its complaint while he was present in the jurisdiction. Moreover, the circumstances of his crossing into Canada strongly suggest that his intent was to flee without being detected for the purpose of avoiding prosecution. Also unpersuasive is Pricop's argument that he had been communicating with his counsel about his plan to return to the United States. Again, the authorities had never been made aware this plan, and it is unclear what Pricop's intentions were had he not been arrested in Philadelphia.

The third factor the Court must consider is "the history and characteristics of the person" accused, including physical and mental condition, family/community ties, employment, past conduct, history of drug/alcohol abuse, criminal history, record of appearing for court hearings, and whether the person was on probation at the time of the current offense. 18 U.S.C. §3142(g)(3). Although this factor is somewhat mixed, overall it tips in favor of detention. As noted, Pricop's most significant family ties – his wife and their three children – presently reside in Romania. No family member, neighbor or friend appeared at the detention hearing on Pricop's behalf. Pricop has a fairly limited prior criminal history, though he has had problems with theft-related crimes. NCIC showed a 1992 charge of Burglary and Assault (though no complaint was filed), and separate 1998 charges of Larceny (disposition unknown) and conviction for carrying a concealed weapon, 2006 (nolle prossed) and 2012 (conviction) charges of theft, and a 2013 charge

6

of Unlawful use of Criminal Instrument (though it is unclear what became of this charge). Although Pricop advised Pretrial Services that he owns two Michigan trucking companies, he indicated that he has not worked during the past year while he has been in Romania, and he represented that he has no income at this time.

Finally, the Court must consider "the nature and seriousness of the danger to any person or the community that would be posed by [Pricop's] release." 18 U.S.C. §3142(g)(4). This factor favors release as the government does not contest that any danger posed by Pricop could be reasonably addressed through bond conditions.

Weighing all of the above factors, and considering all of the evidence and arguments presented by the parties, the Court finds that the government has shown by a preponderance of the evidence, that no condition of release can reasonably assure Pricop's appearance throughout this criminal case.

**Accordingly, detention is ordered.**